# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                  Case No. 10-CR-163

BERNABE J. NUNEZ-GUZMAN,

      Defendant.

## ORDER DENYING MOTION FOR ACQUITTAL OR FOR A NEW TRIAL

On November 14, 2011, a jury returned a verdict finding Defendant Bernabe Nunez-Guzman guilty of Conspiracy to Manufacture and Distribute Marijuana, Manufacturing and Possessing with Intent to Distribute Marijuana, and Maintaining and Leasing a Residence for the Purpose of Manufacturing and Distributing Marijuana, as charged in Counts 1, 4 and 8 of the Indictment. The jury found Defendant not guilty of three other charges of Possession with Intent to Manufacture or Distribute Marijuana, as well as two charges relating to the possession of a firearm. Defendant has filed a timely motion for acquittal of counts 1 and 8 pursuant to Fed. R. Crim. P. 29 and for a new trial pursuant to Fed. R. Crim. P. 33. Essentially, Defendant argues that the jury verdicts were inconsistent and he is, therefore, entitled to either acquittal or a new trial. For the reasons which follow, the motion will be denied.

The law is clear that logically inconsistent verdicts do not require reversal: "Where truly inconsistent verdicts have been reached, the most that can be said . . . is that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show they were not

convinced of the defendant's guilt." *United States v. Powell,* 469 U.S. 57, 64-65 (1984) (Internal quotations and brackets omitted). Thus, the fact that the jury's verdicts may be logically inconsistent does not entitle Defendant to the relief he seeks.

Even if not entirely consistent, it is at least understandable how the jury may have arrived at the verdicts it rendered. The overall evidence revealed that the other defendants, though headquartered at the Seymour house they leased from Defendant Guzman, were growing marijuana at four separate sites in northeastern Wisconsin. The direct evidence offered by the Government linked Defendant Guzman to the Seymour home and one of the grow sites. Although the Government argued that the circumstantial evidence was more than sufficient to support a finding that Guzman had sufficient knowledge to support a finding that he knew of all four grow sites, the jury may also have concluded that he was not fully aware of the extent of the operation and declined to impute such knowledge to him. Thus, I cannot say that the jury was unreasonable in finding Guzman guilty of the overall conspiracy and only one count relating to the actual grow sites. It is also possible that the decision to acquit Guzman on the other grow sites was an exercise of lenity on behalf of the jury or a misunderstanding as to the nature of conspiracy.

In any event, the evidence was more than sufficient to support the jury's verdict on the counts on which they returned convictions. The fact that they did not return convictions on other related counts, even if logically inconsistent, it does not entitle the Defendant to the relief he seeks. Accordingly, the motions are denied.

**SO ORDERED** this   20th   day of January, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2